IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,    Case No. 3:05 CR 786

 -vs-

                MEMORANDUM OPINION
CHRISTOPHER TURLEY,      AND ORDER

       Defendant.

KATZ, J.

  Before the Court is the motion of the Government to disqualify defense counsel, Konrad Kuczak, ("Kuczak") as defense counsel in this case. Defendant through counsel has opposed the Government's motion and a hearing was held before the Court on December 28, 2005. For the following reasons, the Government's motion will be denied.

  This issue was raised by the Government out of an abundance of caution because of its perception that Kuczak has a non-waivable conflict of interest which, if he continued to represent the Defendant, would prevent Turley from receiving effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. That conflict as articulated by the Government arises out of Kuczak's prior contact with a Government witness, Charles Papenfuss, who is anticipated to be an important Government witness at trial. The background of the perceived conflict is well set forth in the Government's "Statement of Facts" in its November 4, 2005 filing. (Doc. No. 43). At a jury trial in Municipal Court in Upper Sandusky, Ohio on December 1, 1994, Kuczak represented the Defendant in that operating a motor vehicle under the

influence of alcohol case. Papenfuss was scheduled to testify on behalf of the Defendant in that case and did, in fact, so testify. The Defendant there was found guilty.

Coincidentally, Papenfuss will be a witness in the case here at issue. On July 24, 2005, task force Office Mike Ackley conducted an interview of Papenfuss, during which the witness told Ackley of his familiarity with Kuczak through the Upper Sandusky case in 1994. The Government reading of the Papenfuss statement is that he was given $500 by someone to lie in court during that trial and did, in fact, lie. It is unclear from what source that money was paid.

The Government anticipates that in either direct or cross examination the foregoing situation will arise, casting significant doubt on the credibility of both Papenfuss and the ethics of Kuczak and necessitating rehabilitation through cross examination of that witness. Thus, reasons the Government, Kuczak would be placed in a difficult position; either he fails to cross examine Papenfuss on lying in the 1994 case issue, thus failing to raise credibility issues, or he does so and runs the risk of implicating himself, both to the detriment of Turley. The Court recognizes the issue but believes there is clearly a way to combat the same.

Assuming Papenfuss will be a witness in this case, and assuming further that on either direct, cross or re-direct examination the issue outlined above surfaces, the Court will prohibit counsel and/or Papenfuss from using the name of the attorney who represented the Defendant in the Upper Sandusky case. While not a perfect solution, it is one which will address, in part, the issue.

A defendant in a criminal case is granted the right to counsel of his own choosing when that counsel is retained by the defendant, and that choice of counsel is generally respected. Such is the case here and the preference of the courts is to permit an attorney in Kuczak's position to

continue representing his client, Turley. To insure that Turley understands the problem involved in this case, the Court during its hearing on December 28th had Government counsel articulate the issue leading to the perceived conflict, gave defense counsel, Harland Britz, Esq. , an opportunity to supplement and expand on those remarks, and then placed Turley on the witness stand under oath. The Court questioned Mr. Turley about his educational background, his work experiences and his understanding of the issues involved in this motion. The court is satisfied that Turley, an intelligent human being who has been somewhat successful in business ventures, understands clearly the issues and, so understanding those issues, clearly articulated a desire that he be permitted to waive any conflict and retain the services of Kuczak.

While the Government has cited cases which could be construed as militating against classifying this "conflict" as waivable, each of those cases can be distinguished from the case at bar. The Court acknowledges that the issue is not whether Kuczak was involved in any unethical conduct, it is the possibility that an accusation of same can be raised which would place the Defendant in the position outlined above. The Defendant has recognized that and the Court is convinced that his waiver is an intelligent and knowing waiver and will grant that waiver.

In conclusion, while the Court recognizes that this situation is fraught with risks for the Defendant, it is believed that restrictions on testimony will in some measure ameliorate those risks and that Turley has the right to and has placed on the record an intelligent and knowing waiver, which the Court will recognize. Therefore, the Government's motion to disqualify Kuczak (Doc. No. 43) is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ

SENIOR U. S. DISTRICT JUDGE