IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                      Plaintiff,                  Case No. 3:05 CR 786

    -vs-

                                                    MEMORANDUM   OPINION
CHRISTOPHER TURLEY,                       AND   ORDER

                      Defendant.

KATZ, J.

Before the Court is Defendant's "Motion to Suppress Evidence and Request for Franks Hearing" (Doc. No. 32). The Government responded to that motion on January 23, 2006 (Doc. No. 67) and on January 24, 2006 this Court heard oral argument and took testimony with respect to the motion. At that time the Court invited the parties to file post-hearing memoranda in support of their respective positions. Defendant filed his post-hearing memorandum on February 15, 2006 (Doc. No. 75) and the Government filed its brief on March 3, 2006 (Doc. No. 84), as to which Defendant filed a reply on March 7, 2006 (Doc. No. 86).

On March 15, 2006 the Court held a Daubert hearing with respect to issues raised by Defendant, at the conclusion of which it took under advisement multiple other motions, including the within motion. On April 20, 2006, in a Memorandum Opinion and Order, this Court ruled on several matters, including this motion now under consideration; however, there were no particularized findings made at that time. On April 27, 2006 Defendant filed a "Motion for Essential Findings" (Doc. No. 98) pursuant to Fed. R. Crim. P. 12(d) (the reference made by Defendant was as to Rule 12(e), which is not applicable to this matter). The Court will now delineate its reasons for denying the motion to suppress.

A.   4571 Mayflower Road Search On November 29 - 30, 2004

It is Defendant's contention, as to which he has the burden of proof, that the warrant upon which the search was predicated was legally invalid. In order to be legally valid the affidavit and supporting attachments must satisfy the issuing judge with respect to probable cause and, thus, justify the seizure of evidence, contraband, etc. *Warden v. Hayden*, 387 U.S. 294 (1967). It is this Court's responsibility to determine whether the issuing judge, Honorable Robert Pollex, Judge of the Common Pleas Court of Wood County, Ohio, had a substantial basis for determining that probable cause existed and, thus, justified the issuance of the warrant. This Circuit recently articulated that the affidavit must be reviewed in a common sense manner and judges must review the totality of circumstances finding probable cause. Additionally, the issuing judge's determination of probable cause is afforded great deference. *See United States v. Woolsley*, 261 F.3d 924, 926 (6th Cir. 2004).

The Court agrees with the Government that even if the issuing judge erred in issuing the warrant, under *United States v. Leon*, 468 U.S. 897 (1994) this Court must consider whether the matter qualifies for the exception to the exclusionary rule which allows evidence seized in violation of the Fourth Amendment to be introduced where the officers had a reasonable good faith belief that a search or seizure was appropriate under the Fourth Amendment. *Leon* mandates that the reasonableness of a law enforcement officer's reliance upon a search warrant must be determined pursuant to an objective standard and the officers are not expected to question the judge's probable cause determination.

In the case at issue, Michael Ackley, Wood County Sheriff's Deputy and a member of the Regional Task Force, presented an affidavit to Judge Pollex and supplemented that affidavit by oral testimony before the Judge. In analyzing that affidavit and oral testimony it is clear that Deputy

2

Ackley advised Judge Pollex concerning significant matters which justified the issuance of the warrant, including , but not limited to the recitation in the affidavit of information revealed by a "reliable confidential source," which justified the assumption that Turley was manufacturing methamphetamine in the out buildings at 4571 Mayflower Road.  A summary of the materials included in the affidavit and the oral testimony before Judge Pollex is contained at pages 4 - 6 of the Government's post-hearing brief (Doc No. 84).   This Court agrees that when viewed in its totality, the evidence presented to Judge Pollex indicated an ongoing conspiracy by Turley to manufacture methamphetamine.  The evidence included information regarding large purchases of cold pills utilizing Turley's red pickup truck.

While Turley raises the issue that the entire warrant was anticipatory in nature, the Court disagrees when one views the affidavit and supplemental testimony in its entirety.  The Court finds that probable cause was shown to permit Judge Pollex to find that Turley engaged and continued to engage in the processing of methamphetamine and was taking steps prepatory to processing another batch of that substance.   Looking at all of the information before Judge Pollex, rather than attempting to parse it into segments, this Court cannot find that the evidence before him fell short of justifying his determination that probable cause existed and justified the issuing of the warrant here in question.

      B.    *Franks* Issues.

Under *Franks v. Delaware*, 438 U. S. 154 (1978), a court must make a determination whether there has been a substantial preliminary showing of deliberate or reckless falsity in the search warrant application process undertaken by Deputy Ackley.  While the Court does not believe a *Franks* hearing was required, it afforded counsel for Turley to conduct cross examination on Deputy Ackley to determine whether, under *Franks,* such was the case.  Having heard the testimony

of Deputy Ackley, including the various explanations and testimony with respect to cell phone usage, cell phone numbers, etc., this Court accepts Deputy Ackley's credibility and agrees with the Government that Defendant has failed to prove a deliberate or reckless false statement as required under *Franks*.

Neither does this Court find that the warrant was anticipatory in nature or that Deputy Ackley misled the issuing Court in any way.

Having heard all of the evidence, it is the Court's conclusion that Turley has failed to show that any of the facts presented by Ackley or known by him to be untrue when presented to Judge Pollex.

C. Seizure of Ammonia Tank on December 10, 2004

There are multiple issues with respect to this search, the first of which is a threshold issue of standing. The Court heard testimony from Barry L. Pfahl, the owner of the property upon which the subject tank was found. There is no contest as to Mr. Pfahl's ownership of the property, as to which Defendant may have been a lessee or sub-lessee. The testimony of both Deputy Ackley and Mr. Pfahl establish that the tank was located in a wooded area that was not capable of being farmed, which was the purpose for which the property was leased. The testimony of both Ackley and Pfahl indicated that when asked for permission by Ackley to search for the subject tank, that permission was readily given by Mr. Pfahl. The Court finds that such is the case and that he had the authority to give consent.

Additionally, the search was clearly independently justified under the "open fields" exception to the warrant requirement. *United States v. Dunn*, 480 U. S. 294 (1987); *Oliver v. U.S.,* 466 U. S. 170 (1984). The location of the tank was clearly significantly out of range of the curtilage. " In the case of open fields, the general rights of property protected by the common law

of trespass have little or no relevance to the applicability of the Fourth Amendment." *Oliver*, 466 U. S. At 183-184. Therefore, Turley did not have a reasonable expectation of privacy in the area of the search and did not have standing in light of that and the consent of Mr. Pfahl to challenge the search. Further, the testimony established that portions of the tank were above ground and visible.

Therefore, the motion with respect to seizure of the anhydrous tank is denied.

D. <u>December 2004 Search of 475 Mayflower Road (Defendant's Residence)</u>

Even though Deputy Ackley obtained a search warrant for this search, Turley asserts that because it was based in part on observations made during the first search, it is tainted by the alleged illegality of the first search. Having determined that there was no such illegality in connection with the November 29 search, and for the further reason that Ackley's affidavit on its face demonstrated probable cause for the second search, this aspect of the motion is also denied.

All issues raised by Defendant Turley attacking the subject searches as set forth in his motion for suppression here under consideration fail to demonstrate that his rights under the Fourth Amendment to the United States Constitution were violated. The facts and the law before the Court simply do not justify upholding the positions taken by Turley in his motion, supporting memoranda and at the hearing. Therefore, the motion is denied in its entirety.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE